Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5188 | **DATE** | 10/6/2004 |
| **CASE TITLE** | Conrad vs. Vacuum Instrument | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant's motion for summary judgment is denied. Plaintiffs' motion for summary judgment is denied. Plaintiffs' motion for leave to amend the complaint is granted in part and denied in part. Leave is granted to make the technical amendment to the complaint. Enter Memorandum Opinion and Order. Pretrial order to be filed by 10/18/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | OCT 0 7 2004 date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | rbf docketing deputy initials | 90 |
| | Copy to judge/magistrate judge. | | |
| MF | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 0 7 2004

ALAN C. CONRAD and ELECTRONIC )
PRODUCTION AND MONITORING, INC., )
)
Plaintiffs, )
)
v. ) No: 03 C 5188
)
VACUUM INSTRUMENT CORPORATION, ) Judge John W. Darrah
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Alan C. Conrad and Electronic Production and Monitoring, Inc., filed suit against Defendant, Vacuum Instrument Corporation. Plaintiffs allege that Defendant failed to honor a contract requiring Defendant to pay commissions on products sold within Conrad's geographical sales area. Presently before the Court is Defendant's Motion for Summary Judgment and Plaintiffs' Cross-Motion for Summary Judgment. Plaintiffs have also filed a Motion for Leave to Amend the Complaint, which seeks to make a technical change to the Complaint and add a claim for an accounting.

## LEGAL STANDARD

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus,



although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that a genuine issue of material fact exists and to show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

## BACKGROUND

The undisputed facts, for the purposes of this motion, taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def's 56.1") and exhibits, are as follows.

Defendant makes and sells industrial leak-detection systems that other manufacturers use to test for leaks in the manufacturers' finished products. Def.'s 56.1 ¶ 4. Independent sales

2

representatives, such as Conrad, sell Defendant's systems to industrial customers throughout the country. Def.'s 56.1 ¶ 5.

Pursuant to a Sales Representative Agreement, Defendant gave Plaintiffs a designated geographical area to sell the leak-detection systems. Def.'s 56.1 ¶¶ 8-9. The agreement provided that Conrad would be credited with all sales emanating from his territory and that Conrad would receive commissions for sales based on a number of factors. Pl.'s 56.1 ¶ 3; Def.'s 56.1 ¶¶ 12-14. Conrad was eligible to receive commissions for systems, spare parts, and customer add-ons that Defendant bought from a third-party. Def.'s 56.1 ¶ 13. The agreement also provided that it could be terminated by either party with thirty-days' written notice. Def.'s 56.1 ¶ 11.

In Count I, Conrad seeks to recover commissions for sales of leak-detection systems sold by Defendant in Conrad's territory. In the 1990s, Defendant made a number of sales to companies in Conrad's territory; and Conrad did not receive full – or any – commissions on these sales. Def.'s 56.1 ¶¶ 24, 25, 29-32, 36-39. Although Conrad was aware of the sales and considered the failure to pay commissions a breach of the Sales Representative Agreement, Conrad continued working for Defendant and did not terminate the sales agreement. Def.'s 56.1 ¶¶ 23, 25-27, 33-35, 45.

In Count II, Conrad seeks to recover "shared commissions," which represent partial commissions Conrad agreed to accept, on certain leak-detection systems sold by Defendant. Def.'s 56.1 ¶ 40. In Count III, Conrad seeks commission for spare parts sold by Defendant in Conrad's sales territory. Def.'s 56.1 ¶ 46.

On November 15, 2001, the Sales Representative Agreement terminated. Def.'s 56.1 ¶ 21.

3

## ANALYSIS

*Summary Judgment Motions*

Both Defendant and Plaintiffs move for summary judgment. Defendant contends that Conrad waived his right to commissions when he continued to perform under the Sales Representative Agreement. Specifically, although Conrad was aware that Defendant made sales in his territory and that he would not receive credit or full commissions on those sales, Conrad still continued to perform under the agreement. Defendant also argues that Plaintiffs' evidence relating to the breach of contract is speculative. Finally, Defendant seeks summary judgment on Count IV, Plaintiffs' claim for treble damages under the Illinois Sales Representative Act, because Plaintiffs have no evidence that Defendant acted in bad faith.

Defendant argues that Conrad waived his right to commissions claimed in Counts I, II, and III when he continued to perform under the Sales Representative Agreement despite being aware that Defendant made sales in Conrad's territory which would not result in full commissions for Conrad. Waiver, whether express or implied, is the "voluntary relinquishment of a known and existing right." *Havoco of Am., Ltd. v. Sumitomo Corp.*, 971 F.2d 1332, 1337 (7th Cir. 1992) (citation omitted) (*Havoco*). Conduct indicating that strict compliance with a contractual provision will not be required may constitute waiver. *Havoco*, 971 F.2d at 1338. However, Defendant has the burden of proof to demonstrate that Conrad intended to waive his rights under the Sales Representative Agreement, which is a question of fact. *Havoco of Am., Ltd. v. Hilco, Inc.*, 731 F.2d 1282, 1293 (7th Cir. 1984).

With respect to Count I, Defendant argues that Conrad has waived his rights to commissions for sales of leak-detection systems made by Defendant in Conrad's sales territory.

4

It is undisputed that Conrad was aware of these sales. It is further undisputed that Conrad continued to work for Defendant despite considering the failure to pay commissions a breach of the agreement. However, Plaintiffs argue that Conrad objected to not receiving the commissions. Therefore, a genuine issue of material fact exists as to whether Conrad had the requisite intent needed to waive his rights to the commissions claimed in Count I.

With respect to Counts II and III, Defendant has the burden of proof to demonstrate Conrad intended to waive these commissions. A genuine issue of material fact exists as to whether Conrad had the requisite intent needed to waive his rights to the commissions claimed in Counts II and III.

Defendant also argues that Plaintiffs' evidence relating to the breach of contract claims in Counts I, II, and III is speculative. To succeed on a claim for breach of contract, Plaintiffs must demonstrate that Defendant actually breached the contract. *E.g., Burrell v. City of Mattoon*, 378 F.3d 642, 651 (7th Cir. 2004). Thus, Plaintiffs must show that Defendant actually made some sales for which Conrad did not receive commissions for under the Sales Representative Agreement.

With regard to Count I, Defendant contends that Plaintiffs have no evidence of certain sales made to a particular purchaser of Defendant's leak-detection systems. However, genuine issues of material fact exist as to whether sales of other leak-detection systems occurred. Accordingly, summary judgment is not granted to Defendant with respect to Count I.

With respect to Count II, a genuine issue of material fact exists as to whether sales of leak-detection systems upon which Conrad is seeking "shared commission" occurred. Similarly,

5

as to Count III, a genuine issue of fact exists as to whether sales of spare parts occurred. Therefore, Defendant is denied summary judgment on Counts II and III.

Defendant seeks summary judgment on Count IV, Plaintiffs' claim for treble damages under the Illinois Sales Representative Act, as well. To prove a claim for treble damages, Plaintiffs must demonstrate the failure to pay commissions is vexatious or willful and wanton. *Stebell v. L'amour Hosiery, Inc.*, No. 98 C 50157, 2002 WL 1359422, at *1 (N.D. Ill. June 20, 2002). Defendant argues that Conrad's testimony demonstrates that Defendant did not act with the requisite intent. Although Defendant raised this argument in its motion for summary judgment, Defendant has not pointed to any specific evidence, including affidavits, depositions, answers to interrogatories, or admissions, demonstrating that the failure to pay commissions was not vexatious or willful and wanton. Accordingly, summary judgment on Count IV is denied.

Plaintiffs have also moved for summary judgment. However, Plaintiffs have failed to present any affidavits, depositions, answers to interrogatories, and admissions to demonstrate that they are entitled to summary judgment. Accordingly, Plaintiffs' motion for summary judgment is also denied.

*Motion for Leave to Amend the Complaint*

Plaintiffs also seek leave to amend their Complaint by: (1) adding a claim for an accounting and (2) making a technical change to the Complaint.

Federal Rule of Civil Procedure 15(a) provides that once a defendant has filed a responsive pleading, a plaintiff may amend his "pleading only by leave of court or by written consent of the [defendant]; and leave shall be freely given when justice so requires." However, leave to file an amended complaint may be denied if: (1) there is undue delay, bad faith, or a

dilatory motive in filing an amended complaint; or (2) the opposing party would suffer undue prejudice if the amendment is permitted. *E.g., Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Substantive amendments shortly before trial are prejudicial to litigants and the "public's interest in speedy resolution of legal disputes." *Perrian v. O'Grady*, 958 F.2d 192, 193, 195 (7th Cir. 1992).

Plaintiffs seek to add a claim for an accounting so that Conrad may determine if he is due other commissions, which are not stated in the Complaint. However, as Conrad testified in his deposition, Plaintiffs have known that Conrad may have been due other commission since May 2003. Since that time, Plaintiffs have taken no steps to file an amended complaint. Accordingly, there has been undue delay in filing an amended complaint.

Moreover, the amendment would cause undue prejudice to Defendant. An accounting would require an auditor to review Defendant's records and possibly the records of Defendant's customers. Because the motion for leave to amend the Complaint was filed four months before the November 8, 2004 trial date, the accounting could force the trial date to be moved. Plaintiffs, though, had opportunities, through the use of discovery, to examine Defendant's records and the records of Defendant's customers.

Based on the above, Plaintiffs' Motion for Leave to Amend the Complaint is denied with respect to the additional claim for an accounting. However, Defendant does not object to the technical amendment; and, therefore, that motion is granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is denied. Plaintiffs' Motion for Summary Judgment is denied. Plaintiffs' Motion for Leave to Amend the Complaint is granted in part and denied in part. Leave is granted to make the technical amendment to the Complaint.

Dated: 10-6-04

JOHN W. DARRAH
United States District Judge